UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM BURROWS, JR.**, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**DC PORTFOLIO SERVICES, LLC, and ABRAHAMSEN GINDEN, LLC**,<br><br>Defendants. | Case No. 2:22-cv-260 (SDA)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEY'S FEES**<br><br>August 11, 2025 |

**THIS MATTER** having come before the Court on (1) the unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 79); and (2) the unopposed Motion for Attorney's Fees (ECF No. 80); and the Court having conducted a Final Fairness Hearing before the Honorable Stacey D. Adams, U.S.M.J., on June 16, 2025 to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, and to consider the proposed counsel fee award and service award to the named Plaintiff, William Burrows, Jr. ("Named Plaintiff"); and the Named Plaintiff and Settlement Class members being represented by Interim Class Counsel, and Defendants being represented by their attorneys; and

**WHEREFORE**

1. This litigation was commenced against Defendants DC Portfolio Services, LLC, Abrahamsen Ginden, LLC, and Joshua Gindin (collectively, "Defendants") in the Superior Court of New Jersey, Law Division, Essex County; and Defendants having removed the matter to this Court; and Defendant Joshua Ginden having been dismissed without prejudice as a condition of the settlement between the parties, leaving DC Portfolio Services, LLC and Abrahamsen Ginden, LLC as the remaining Defendants.

2. In his class action Complaint, Plaintiff alleged that Defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA") in connection with collection lawsuits filed in New Jersey Superior Court (the "Litigation").

3. Defendants deny the allegations in the Litigation, as well as any wrongdoing and/or liability, arising out of Plaintiff's claims in the Litigation.

4. The Parties have reached a settlement of the Litigation and have represented to the Court that the settlement was a result of extensive and prolonged arms-length negotiations.

5. Plaintiff and his counsel, who is experienced in the area of consumer class actions, have determined that the terms of the proposed Settlement is adequate, fair, and reasonable and in the best interest of the proposed Settlement Class.

6. Plaintiff filed a motion for preliminary approval of the settlement on October 28, 2023 (ECF No. 37).

7. The Settlement Class is defined as:

> The 52 natural persons identified by Defendants, against whom, on or after November 22, 2020, Abrahamsen Gindin filed a lawsuit in New Jersey Superior Court on behalf of DC Portfolio Services where the complaint filed sought to collect an alleged debt incurred for personal, family or household purposes which was described as arising from a "personal loan" when the alleged debt arose from a different type of consumer financial obligation.

8. On December 1, 2023, the Court held a telephonic hearing on Plaintiff's application for preliminary approval of the class action settlement.

9. On December 7, 2023, the Court entered an Order Approving Notice to be sent to the Proposed Settlement Class; Appointing Interim Class Counsel; and Scheduling a Final Fairness Hearing (hereinafter referred to as "Order Granting Preliminary Approval" or "December 7, 2023 Order") (ECF No. 40). A copy of the executed June 7, 2023 Settlement

Agreement and November 8, 2023 Addendum to the Settlement Agreement were attached to the December 7, 2023 Order Granting Preliminary Approval (*Id.*).

10. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court appointed Plaintiff's attorney David C. Ricci, Esq. of the Law Office of David C. Ricci, LLC to serve as Interim Class Counsel. (*Id.*).

11. The Court appointed Atticus Administration, LLC to serve as the Settlement Administrator and to be responsible for administering the Settlement Notice according to the terms set forth in the Settlement Agreement and as Ordered herein. (*Id.*).

12. Pursuant to the Court's December 7, 2023 Order, Notice was mailed to the 52 members of the Settlement Class. The Settlement Administrator reported to the Court that 50 of the 52 Class Members were successfully mailed the Notice and no one requested to be excluded from the Settlement Class.

13. After the mailing of the initial notice, the Parties agreed on $66,362.50 to propose to the Court for an award of attorney's fees and costs to Class Counsel.

14. Pursuant to the Court's January 6, 2025 Order, the Second Notice was mailed to the 52 members of the Settlement Class to notify them of the proposed award of attorney's fees and costs to Class Counsel and the procedures to object to the proposed award. The Settlement Administrator reported to the Court that 47 of the 52 Class Members were successfully mailed the Second Notice, and no one objected to the proposed award to Class Counsel.

15. Pursuant to the Court's April 30, 2025 Order, a Third Notice was mailed to the 52 members of the Settlement Class to notify them that the Final Fairness Hearing had been rescheduled for June 16, 2025 at 3:00 p.m. This notice also contained the proposed award for counsel fees and costs. The Settlement Administrator reported to the Court that 51 of the 52 Class Members were successfully mailed the Third Notice.

16. No class members opted out of the Settlement.

17. The Court and Class Counsel have not received any objections to the Settlement, the proposed award of counsel fees and costs, or the proposed service award to Named Plaintiff.

18. Pursuant to the Court's January 6, 2025 Order, Defendants have escrowed with Class Counsel all the funds necessary for the awards to the Class and the Class Representative, as well as fees for settlement administration and Class Counsel.

19. Plaintiff now requests final approval of the Settlement.

20. Pursuant to District of New Jersey Local Civil Rule 72.1(a), the Parties have consented to the jurisdiction of the Hon. Stacey D. Adams, U.S.M.J.

**THE COURT**, having read and considered the Settlement Agreement and the papers filed by Class Counsel, and having reviewed and considered Plaintiff's briefs and the declarations submitted in support of both applications, and having heard the oral arguments of counsel presented to the Court, and considering all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

21. The Court finds that the Settlement Class has satisfied the following prerequisites for class certification:

   a. The 52 members (including the Named Plaintiff) of the above-defined Settlement Class are so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the Settlement Class.

   c. The claims of the Class Representative are typical of the claims of the Settlement Class.

    d. The Class Representative has fairly and adequately represented the interests of the Settlement Class and that there are no conflicts of interest between the Class Representative and members of the Settlement Class.

    e. The Settlement Class's membership is readily ascertainable and has, in fact, been ascertained.

    f. The common issues of law and fact predominate over any questions affecting only individual members of the Settlement Class.

    g. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the claims of Plaintiff and the Settlement Class.

22. The Court finds that the Settlement was negotiated at arm's length.

23. The Court finds that the relief provided to the Settlement Class is adequate, taking into account the following factors set forth in Rule 23(e)(2): (i) the costs, risks, and delay of trial and appeal and (ii) the effectiveness of the proposed method of distributing relief to the class, which involves direct relief without Settlement Class Members having to submit claims including timing of payment.

24. The Court finds that the Settlement treats Settlement Class Members equitably relative to one another with regard to alleged violations of the FDCPA based upon Defendants filing complaints against Plaintiff and Settlement Class Members that sought to collect an alleged debt incurred for personal, family, or household purposes which was described as arising from a "personal loan" when the alleged debt arose from a different type of consumer financial obligation.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

25. The Court has jurisdiction over the subject matter of this Litigation and over all parties hereto pursuant to 28 U.S.C. 1332(d).

26. The Settlement Class is certified in accordance with Fed. R. Civ. P. 23(a) and 23(b)(3) solely for purposes of the settlement.

27. Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff William Burrows, Jr. fairly and adequately represented and protected the interests of the Settlement Class, and hereby appoints him as Class Representative.

28. The Court has considered: (i) the work performed by Interim Class counsel in identifying or investigating potential claims in the action (ii) the experience of Interim Class Counsel in handling class actions, other complex litigation, and the types of claims asserted in the action (iii) Interim Class Counsel's knowledge of the applicable law and the resources that Interim Class Counsel has and will continue to commit to representing the class.  The Court appoints Interim Class Counsel, David C. Ricci, Esq. of the Law Office of David C. Ricci, LLC, to serve as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

29. The Court finds that the Settlement is fair, reasonable and adequate.

30. The Court acknowledges that no members of the Settlement Class have opted out of or objected to the Settlement.

31. The application for Final Approval of the Settlement (ECF No. 79) is **GRANTED** and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order. The terms of the Settlement Agreement are hereby approved, adopted, and incorporated by the Court in this Order.

32. The Court finds that the proposed award of $66,362.50 for Class Counsel's attorney's fees and costs is fair and reasonable, and is less than Class Counsel's lodestar.

33. The Court acknowledges that no members of the Settlement Class have objected to the proposed award of $66,362.50 for Class Counsel's attorney's fees and costs.

34. The application for an award of attorneys' fees and costs to Class Counsel in the amount of $66,362.50 (ECF No. 80) is **GRANTED**. The Court declares such fees and costs to be fair and reasonable.

35. The Court finds that the proposed service award of $1,750.00 for Named Plaintiff William Burrows, Jr. is fair and reasonable.

36. The Court acknowledges that no members of the Settlement Class have objected to the proposed service award of $1,750 to the Named Plaintiff.

37. The application for a service award to Named Plaintiff William Burrows, Jr. in the amount of $1750.00 (ECF No. 80), in recognition of his efforts on behalf of the Settlement Class, is hereby **GRANTED.** Class Counsel shall deliver payment to him from the firm's attorney trust account in the manner prescribed in the Settlement Agreement within ten days of the date of this Order. Plaintiff shall also receive a check from the Settlement Administrator pursuant to his membership in the Settlement Class.

38. Settlement Class Members who have not properly and timely excluded themselves from the Settlement shall be bound by the provisions of the Settlement Agreement, without exceptions.

39. The Settlement Administrator and the Parties shall implement the terms of the Settlement Agreement in the manner set forth in the Settlement Agreement.

40. The amount for attorneys' fees and costs is in addition to the settlement benefits each Settlement Class member will be receiving and is the sole property of Class Counsel, not Plaintiff or the Settlement Class.

41. The Court has considered the benefits that the settlement will confer on the Settlement Class, which is the equal distribution to the Settlement Class of $3,250.00 to be paid by Defendants. This amount exceeds the maximum that could have been achieved at trial under the FDCPA. The Defendants will pay for the cost of Settlement Administration and the fees and expenses of Class Counsel.

42. Members of the Settlement Class who have not excluded themselves will automatically be directly mailed a check with no "claims made" process. Funds from any uncashed checks will be paid as a charitable contribution to the Legal Services of Northwest Jersey, Inc. Thus, the entirety of the $3,250.00 will be distributed.

43. Defendants have represented that they have complied with the provision in the Settlement Agreement regarding the service of the Notifications to appropriate officials as required by the Class Action Fairness Act ("CAFA") (28 U.S.C. 1332(d), 1715) within the required time period.

44. Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged Defendants, including past and present partners, members, officers, directors, shareholders, employees, agents, heirs, successors and assigns of DC Portfolio Services, LLC, Abrahamsen Gindin, LLC, and Joshua Gindin of and from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements,

promises, damages, judgments, demands, liabilities and obligations in law or in equity that Plaintiff and the Settlement Class Members, as defined herein, asserted or could have asserted.

45. Pursuant to the Settlement Agreement, Plaintiff and the other members of the Settlement Class are permanently barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining or consenting to any action or other proceedings, whether by intervention, joinder or otherwise, for any released claim against the Defendants in any court of law or equity, arbitration, tribunal, administrative proceeding or other forum. This Litigation and all the claims in the Litigation are dismissed on the merits and with prejudice.

46. The Court retains exclusive and continuing jurisdiction of the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

47. The Clerk of Court is respectfully requested to terminate the motions at ECF No. 79 and 80.

**IT IS SO ORDERED.**

Dated: August 11, 2025

*s/ Stacey D. Adams*
HON. STACEY D. ADAMS
UNITED STATES MAGISTRATE JUDGE

*For the Reasons set forth in the attached Opinion.*